This case was heard by the late Vice-Chancellor Leaming and remained undecided by him. On the re-reference to me it was stipulated by counsel that I should decide it upon the testimony taken before Vice-Chancellor Leaming, the exhibits, stipulations and briefs filed.
The original bill of complaint was filed by the complainant who afterward parted with the title of the premises affected, and the H-M-N Realty Company was substituted as complainant by an order of this court made February 1st, 1932, and an amended bill of complaint was filed February 8th, 1932, by the substituted complainant. *Page 57 
Defendant Walter L. Haines, prior to July 27th, 1927, was the owner of premises involved in this litigation, 3907 Ventnor avenue, known as "El Van Apartments." He also was the owner of adjoining premises, 3905 Ventnor avenue, known as "Har Van Apartments." He acquired title to both the El Van Apartments and the Har Van Apartments from Hyman Hoffman and Mary Hoffman, the former by deed dated May 3d 1926, recorded in Atlantic county clerk's office in book 826 of deeds, page 122, and the latter by deed dated January 18th, 1926, recorded in said clerk's office in book 812 of deeds, page 93. The conveyance of the El Van Apartments was made subject to a mortgage reduced by payment to $32,000. Hyman Hoffman took a second purchase-money mortgage from defendant Walter L. Haines for $25,000. By deed dated July 27th, 1927, defendant Walter L. Haines conveyed the El Van Apartments to Leon Koppelman and Lena Fink. Prior to the settlement between defendant Haines and Koppelman and Fink for these premises, Haines paid to the city of Atlantic City the sum of $891.75, the first half of 1927 taxes on said El Van Apartments. The settlement was delayed for the production of the tax receipt which was produced by Haines to South Jersey Title Company and disbursement of the funds was made to Haines on the basis of, and in reliance upon, said payment of the taxes. The deed from Haines to Koppelman and Fink was made subject to both the first mortgage and also the second mortgage held by Hyman Hoffman. Hyman Hoffman foreclosed his mortgage and purchased the property at sheriff's sale under his foreclosure proceedings, which sale was made April 11th, 1929, and he received a deed from James Cimino, sheriff, dated May 8th, 1929. Hoffman, after receiving the sheriff's deed, discovered that these premises, the El Van Apartments, had been sold by Louis L. Mathis, collector of taxes for Atlantic City, for taxes alleged to be unpaid for the first half of the year 1927, to defendant Paramount Investment Company. A certificate of tax sale dated March 7th, 1929, and recorded May 28th, 1929, in mortgage book 535, page 205, was delivered by the collector to defendant Paramount Investment *Page 58 
Company. Hoffman conveyed the El Van Apartments to the present complainant, the H-M-N Realty Company, by deed dated June 20th, 1930, recorded in deed book 947, page 178, the conveyance including Hoffman's rights as a result of the present litigation. Defendants Paramount Investment Company, Allen B. Endicott and Margaret Endicott filed no answers and decrees pro confesso
have been made against them.
After the payment of the first half of 1927 taxes by Haines amounting to $891.75 for which a tax receipt was produced at the settlement, it appears from the tax collector's books that this amount was transferred as a tax payment on the El Van Apartments to a payment on account of taxes for the first half of 1927 on the Har Van Apartments, and that there was an additional item of $195.75 shown in the books representing the difference between the amount credited and the amount of taxes due on the Har Van Apartments. This transfer from the El Van Apartments to the Har Van Apartments was made in 1928. The transfer was not made by the defendant Louis L. Mathis, the tax collector, but by his clerk, Melcher, who was deceased at the time of the hearing. The transfer was made from the El Van Apartments to the Har Van Apartments without notice to the owner or owners of the El Van Apartments. It is alleged that the transfer was made at the solicitation of the defendant Walter L. Haines or his mother, Bella Haines. Both of them denied having made the request for the transfer and their contention is that the taxes were paid on both the El Van and the Har Van Apartments.
After an examination of all the testimony, it appears to me that the testimony of Bella Haines to the effect that she did not request or direct this transfer, must under the circumstances be taken as true, and that is my conclusion with reference to her testimony.
At the conclusion of the hearing before Vice-Chancellor Leaming, while his impressions of the witnesses and their testimony were still fresh in his mind, he made the following memorandum which I found with the papers: *Page 59 
"Most of the evidence in this case has been stipulated and a transcript has been ordered.
"The only fact touching which there may be a conflict of evidence is the claim of the tax collector that he had a conversation with Mr. Haines' mother-in-law in which she stated that she had paid the first half of the 1927 tax on the property in controversy by mistake, having intended to make the payment on the adjoining property, and had asked the assistant tax collector to make the transfer of the payment to the other property and had paid an additional amount for that purpose. This testimony the mother-in-law absolutely denied. I am impressed that this issue of fact must be resolved in favor of the mother-in-law, especially since the testimony of admissions is accepted with some degree of hesitancy as a rule but especially from the circumstance that the red ink memo on the duplicate discloses that the transfer was made long after the alleged admission. It is perfectly clear from the cash book that the payment of the first half of the 1927 tax on the property in question was so made and so entered on the cash book and was also so entered on the duplicate, and that the transfer from the property in question to the adjoining property was not made until 1928 as disclosed by the red ink entry, which date, as I recall it, was about the date of the proceeding for the sale for taxes."
These views of Vice-Chancellor Leaming coincide with mine as I have already said.
At the sale of the premises in question by the sheriff, an announcement was made by the sheriff that the same would be sold "subject to a first mortgage of $31,500, interest from May 12th, 1928, municipal taxes and assessments, and any outstanding tax lien certificates." It is contended that Hoffman took his deed subject to the outstanding tax lien certificate made by the collector of taxes to the Paramount Investment Company.
I have reached the conclusion that the taxes for the first half of the year 1927 on the El Van Apartments were paid and that the alleged transfer of this payment to the Har Van Apartments did not disturb this payment. The fact *Page 60 
that there was a tax certificate issued as a result of the sale for taxes which had been paid, even though an announcement was made by the sheriff at the time of the sale to Hoffman, could not make the certificate a binding lien on the premises affecting the purchaser. This tax certificate was in no better position so far as the purchaser was concerned than if an announcement had been made that the property was sold subject to some judgment or other lien which was afterward found to be invalid. Making an announcement certainly could not validate an invalid tax certificate. The tax certificate held by the Paramount Investment Company is void and of no effect as against the complainant and the record thereof should be canceled in the office of the clerk of Atlantic county. The payment of $891.75 made by Haines to the collector of taxes for the first half of the year 1927 taxes should again be credited as it originally was, and the duplicate should show the payment of these taxes.
So far as the position of defendant West Jersey Bond and Mortgage Company is concerned, it seems inequitable to direct the transfer of tax payment from the property covered by its mortgage on the Har Van Apartments to the El Van Apartments, since its mortgage settlement was made in reliance upon the receipted tax bill for the Har Van Apartments produced at the time of the settlement.
A decree will be advised in accordance with these conclusions.